CASE 73.—PETITION FOR MANDAMUS BY C. R. ROTHCHILD
AGAINST W. J. SEMONIN, COUNTY CLERK, TO
ISSUE HIM A LICENSE TO CONDUCT A LOANING
BUSINESS.—May 9.

# Rothchild v. Semonin, County Clerk

Appeal from Jefferson Circuit Court (C. P. Branch, First Division).

EMMET FIELD, Judge.

From an order sustaining a demurrer to the petition plaintiff appeals. Affirmed.

Licenses—Privileges—Statutory Provisions—Acts 1906, section 1, subd. 2, p. 187, provides that all "licenses * * * shall be granted by the county clerk." Chapter 22, art. 12, section 1, subd. 4, p. 200, provides that each person who loans money upon salaries or household furniture shall pay a license of $200. Section 9, art. 12, p. 185, provides that all applicants for licenses shall state the county, city, town, and place therein wherein it is proposed to carry on the business, that all licenses shall specify the place where the business is to be conducted, and that no one but the person named in the license shall exercise the privilege granted and only at the place mentioned in the license. Held, that the county clerk properly refused a license to complainant to conduct a loaning business at places in the city of Louisville under different names, neither of which disclosed who was the licensee.

BURGEVIN & DINWIDDIE for appellant.

POINTS AND AUTHORITIES CITED.

1. Construction to be placed upon the words themselves.
2. Revenue acts, providing a tax or burden upon the citizen, are to be construed most strongly against the government, and in favor of the citizen.

3. This is a penal statute, and the universal rule is that all penal statutes are to be construed most strongly against the government and in favor of the citizen. (Sutherland on "Statutory Construction," 2nd Ed., vol. 2, secs. 364, 365 366, 367; 1 Cooley on Taxation, p. 454, 3rd Ed.; 96 W. Va., 723; 98 W. Va., 366; 8£ W. Va., 1029; Powers v. Barney, 5 Blatch. 202; United States v Watts, 1 Bond, 580; Moseley v. Tift, 4 Fla., 402; Peques v. Ray, 60 La., An, 574; Dodge v. Love 49 N. J. L., 235; Cincinnati v. Connor, 55 O. St., 82; Barnes v. Doe, 4 Ind., 132; Barber Asphalt Pav. Co. v. Watt, 51 La. Ann., 1345; Brown v. Commonwealth, 98 Va., 366; Marquois of Chandor v. Commissioners, 6 Exc., 464; Doe v. Smith, 8 Bing., 147; In re Eston's will, 113 N. Y., 174; In re Fayerweather, 143 N. Y., 114; 1 Cooley on Taxation, 3rd Ed., p. 459.)

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellant, desiring to engage in the business of loaning money upon personal security, household property, salaries, chattels, etc., in the city of Louisville, made application to appellee, county court clerk of Jefferson county, to issue to him a license to conduct the business mentioned under the name of the Globe Security & Trust Company, and under the name also of the Union Loan & Security Co. Appellant had two places of business in the city of Louisville. At one of them he conducted the business under the first name above styled and at the other place under the other name. He tendered to the clerk the license fee required by the statute for a single license. The clerk refused to issue the license as requested, whereupon this suit was brought against him for a writ of mandamus to compel him to issue the license.

A general demurrer was sustained to the petition. The motion for a mandamus was overruled and the petition dismissed. Acts 1906, p. 187, section 1, sub-

division 2, provides: "All licenses mentioned in this article, except licenses to sell by retail, spirituous, vinous or malt liquors shall be granted by the county clerk, except as otherwise specifically provided for." Act 1906, p. 200, c. 22, art. 12, section 1, sub-division 4, in fixing the schedule of licenses provides: "Loan companies.—And each corporation, association, firm or person who loan money upon salaries or household furniture, two hundred dollars."

Appellant's contention is that the statute requiring a license for loan companies authorizes the license to be issued to a person, and that, when so issued to him, he may conduct the business under it anywhere in the county, and at as many places in the county as he may choose. Appellant, however, overlooks Act 1906, p. 185, art. 12, section 9, which provides: "All applicants for licenses, except itinerants and as otherwise provided, shall state the county, city, town and place therein wherein it is proposed to carry on the business, and all licenses, except as hereinbefore provided, shall specify the place where the business is to be conducted, and no one but the person named in the license shall sell under or exercise the privilege granted, unless as otherwise provided; nor shall the privilege granted be exercised at any other place than that mentioned in the license, except that retail dealers in spirituous," etc. We construe this statute to mean that one license may be granted to one person to conduct the business specified at one place only under whatever name may be chosen, provided the name of the licensee appears. The county clerk was right in refusing the license to appellant to conduct the business at two places in the city of Louisville

under different names, neither of which disclosed who was the licensee.

Judgment affirmed.